UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERYC CARLTON YOUNG-EL,

      Petitioner,

                              CASE NO. 2:05-CV-12690
v.                        JUDGE GEORGE CARAM STEEH
                              MAGISTRATE JUDGE PAUL KOMIVES

JERI-ANN SHERRY,

      Respondent.[1]

      _____/

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion for summary judgment.

II.    REPORT:

A.    *Procedural Background*

Petitioner Eryc Carlton Young-El is a state prisoner, currently confined at the Huron Valley Men's Complex in Ypsilanti, Michigan. Petitioner is serving a sentence of life imprisonment without possibility of parole following his 1989 convictions for first degree murder and possession of a firearm during the commission of a felony. Petitioner appealed his conviction to the Michigan Court of Appeals, raising claims of illegal search, improper admission of evidence, prosecutorial misconduct, and denial of a jury venire selected from a fair cross-section of the community. The Michigan Court of Appeals affirmed petitioner's conviction on June 16, 1994. Petitioner filed an

---

[1] By Order entered this date, Jeri-Ann Sherry has been substituted for Susan S. Davis as the proper respondent in this action.

application for leave to appeal in the Michigan Supreme Court, which was denied on February 28, 1995. *See People v. Young*, 448 Mich. 875, 530 N.W.2d 757 (1995).

On March 31, 1997, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508, raising again his fair cross-section claim as well as a related ineffective assistance of counsel claim. The trial court denied the motion on December 30, 1997. The Michigan Court of Appeals denied petitioner's application for leave to appeal in a standard order on October 7, 1999. *See People v. Young*, No. 216033 (Mich. Ct. App. Oct. 7, 1999). The Michigan Supreme Court denied petitioner's application for leave to appeal in a standard order on April 25, 2000. *See People v. Young-El*, 461 Mich. 1019, 622 N.W.2d 524 (2000). On July 10, 2000, petitioner filed an application for the writ of habeas corpus in the United States District Court for the Western District of Michigan. That petition was dismissed without prejudice on August 30, 2000, for failure to pay the filing fee. *See Young-El v. Smith*, No. 1:00-cv-498 (W.D. Mich.).

On May 26, 2006,[2] petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises the claims that he raised in the state courts. On December 20, 2006, respondent filed a motion for summary judgment, arguing that the petition is barred by the one-year limitations period governing habeas applications. As of the date of this Report, petitioner has not filed a response to the motion. For the reasons that follow, the Court should grant respondent's motion for summary judgment.

---

[2]Although petitioner's application is file-stamped June 19, 2006, it was dated by petitioner on May 26. It is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on May 26, 2006.

B.  *Timeliness of Petitioner's Habeas Application*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[3]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. Assuming that the first is applicable here, petitioner's application is untimely. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court

---

[3]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

3

> affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
>
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, it is clear that petitioner's convictions became final before the enactment of the AEDPA. The Michigan Supreme Court denied petitioner's application for leave to appeal on February 28, 1995, and his conviction became final 90 days later (March 26, 1995) when his time for seeking *certiorari* in the United States Supreme Court expired. Because petitioner's conviction became final prior to the adoption of the AEDPA, he had one year from the AEDPA's enactment in which to file a habeas petition. *See Brown v. O'Dea*, 187 F.3d 572, 576-77 (6th Cir. 1999); *Abreu v. Hoffman*, 82 F. Supp. 2d 749, 752 & n.2 (N.D. Ohio 2000); *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998) (Duggan, J.). Thus, the limitations began to run on April 24, 1996 and

4

expired one year later, on April 24, 1997, absent any tolling. Because petitioner did not file his petition until May 26, 2006, it is barred by the statute of limitations unless the limitations period was tolled for any reason.

Pursuant to the provisions of § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Here, petitioner filed a motion for relief from judgment on March 31, 1997. At that time, petitioner had 25 days remaining on the limitations clock. The Michigan Supreme Court denied petitioner's application for leave to appeal with respect to this motion on April 25, 2000, and the limitations clock thus began to run again 90 days later when the period for seeking *certiorari* in the United State Supreme Court expired. *See Abela v. Martin*, 309 F.3d 338, 346-47 (6th Cir. 2002). Thus, the limitation clock began to run again on July 24, 2000, and expired on August 18, 2000. Because petitioner's habeas application was not filed until May 26, 2006, it is untimely by over 5½ years.

Petitioner's July 10, 2000, application for the writ of habeas corpus filed in the Western District of Michigan does not alter this conclusion. The limitations tolling provision contained in 28 U.S.C. § 2244(d)(2) does *not* toll the time spent pursuing a federal habeas application. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Even assuming that the pendency of petitioner's first habeas application were a basis for equitable tolling, *see id*. at 183 (Stevens, J., concurring); *Palmer v. Carlton*, 276 F.3d 777, 780-82 (6th Cir. 2002), his current application for the writ of habeas corpus is nevertheless untimely. As noted above, the Western District dismissed petitioner's

5

first habeas application on August 30, 2000. Even if the Court were to deem this period tolled,[4] petitioner's current application is still untimely by over 5½ years.

Petitioner has not filed a response to respondent's motion, and thus does not assert any other basis for equitable tolling or for application of a limitations starting point other than the finality of his conviction under § 2244(d)(1)(A). Nor does his habeas application and brief in support assert any circumstances which would alter the conclusion reached above. None of petitioner's claims are based on newly discovered facts or newly recognized constitutional rights, and petitioner does not allege any unconstitutional action on the part of State officials which prevented him from filing his habeas application. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Accordingly, the Court should conclude that petitioner's application is barred by the statute of limitations.

C.  *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should grant respondent's motion for summary judgment and should dismiss the petition.

III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C.

---

[4]A petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. Diuglielmo*, 544 U.S. 408, 418 (2005). Here, petitioner cannot show that he was diligent in pursuing his habeas corpus petition, because he waited over 5½ years to file his habeas application in this court following the dismissal of his first habeas application in the Western District. *See Allen v. Yukins*, 366 F.3d 396, 404 (6th Cir. 2004) (delay of seven months between conclusion of state postconviction proceedings and filing of federal habeas petition demonstrated lack of diligence). In any event, petitioner's current application is untimely even if the period spent in federal court on his first application is tolled.

§ 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 8/13/07

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 13, 2007.

s/Eddrey Butts
Case Manager